Opinion.

## Wytheville.

CRANES NEST COAL AND COKE COMPANY v. MACE.

June 28, 1906.

Absent, Keith, P.

1. MASTER AND SERVANT—*Negligence—Obvious Dangers.*—A servant confronted by an open and obvious danger owes it to the master, as well as to himself, to avoid it, and if he fails to do so and is injured in consequence thereof, he cannot recover of the master.

2. APPEAL AND ERROR—*Instructions—Facts Not Warranting Recovery.*—This court will not consider the rulings of the trial court on instructions when under no instructions would the plaintiff have been entitled to recover on the facts disclosed by the record.

Error to a judgment of the Circuit Court of Wise county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. Norment Powell, Bullitt & Kelly* and *J. W. Chalkley,* for the plaintiff in error.

*Vicars & Peery,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for an injury received by the defendant in error, which is alleged to have

been caused by the negligence of the plaintiff in error. There was a verdict and judgment in favor of the plaintiff, and thereupon the defendant company obtained a writ of error to this court.

In the view that we take of the case it is only necessary to consider the action of the Circuit Court in refusing to set aside the verdict as contrary to the law and the evidence.

The evidence is very brief, consisting of the testimony of the plaintiff and that of one other witness on his behalf, no evidence having been offered on behalf of the defendant company.

The Cranes Nest Coal and Coke Company is engaged in the operation of a coal mine in Wise county. In the progress of this work there are used and operated electric machines to undercut the coal. These machines are drawn up to the face of the coal and made to cut under the bottom of the seam a shallow swathe for a distance of six feet, so that the miners can the more easily pick, or shoot down with powder, the remaining coal. The plaintiff had been for three months prior to the accident engaged, with a companion, in operating one of these machines. The duty of the plaintiff was to stand close to the face of the coal and remove the fine coal produced by cutting the swathe. The vein of coal at this point was about nine feet thick. On March 3, 1904, the plaintiff and his companion went into one of the rooms of the mine to undercut the coal. They were engaged in this operation when the coal fell and broke the plaintiff's leg. It appears that it was the duty of those who dug, or shot down, the coal after each cutting, to properly even off the face of the coal before turning the room over to the machine men to do the cutting. It further appears that when the plaintiff and his companion went into the place to do the cutting they found that the miner or miners who had been working there had not properly faced up the coal; and

that, instead of an even face, there was a slope in the face of the coal, causing it, at a point about five feet from the floor, to bulge out and overhang about two feet. That this condition constituted an open and obvious danger is shown by both the witnesses who testified. The plaintiff says that he knew at the time that it was dangerous to cut under coal that was bulging as this was, but that he thought it was solid and did not think it was his duty to test it before cutting. It appears that the method of testing whether the face of a mine is safe when the coal is bulging is the work of a moment. The fact is ascertained by tapping on the coal with a pick or shovel; if the coal is safe it will sound solid, otherwise it will sound "drummy" or hollow. The testimony of the plaintiff shows that he understood this method of testing the safety of the coal, but he says that he and his companion were working at so much a run of the machine, and that if they had stopped to make the test they would not have made as many runs.

Asberry, the only witness other than himself introduced by the plaintiff, whose experience as a miner covered a period of sixteen or eighteen years, says that when the coal is bulged out on the face of the mine it is unsafe, and that when one goes to undercut coal with a machine and finds that it has not been faced up properly, it is his duty to see that is is safe before he undertakes to cut; that if he finds it to be in an unsafe condition it is his duty to report the fact to the mine foreman; and that it would be his duty to stay out of the danger until it was faced up properly.

It is clear that the plaintiff was confronted by an open and obvious danger, which he could and should have avoided in justice to himself, as well as to his employer. In order to maintain his compensation at a high mark he neglected his own

safety and chose to assume the risk, and, upon well settled principles, he must bear the consequences resulting from that act.

We deem it unnecessary to comment upon the instructions given or refused, because upon the facts disclosed by this record we are of opinion that under no instructions would the plaintiff be entitled to recover.

The judgment complained of must be reversed, the verdict set aside, and the cause remanded for further hearing.

*Reversed.*