# Wytheville

## RECKER v. SOUTHERN RAILWAY COMPANY.

### June 12, 1913.

#### Absent, Keith, P.

1. MASTER AND SERVANT—*Defective Appliances—Proximate Cause—Case at Bar.*—A plaintiff cannot recover on account of defective machinery or appliances, unless it affirmatively appears that the defect was the proximate cause of the injury complained of. In the case at bar, a hand torch was provided by the defendant for the use of the plaintiff in emergencies caused by the absence of the electric lights, and it is alleged that the injury was inflicted upon the plaintiff while using this torch, but there is no allegation that the torch was out of order, that it did not give sufficient light, that it was in any way inadequate for the purpose for which it was being used, or that the use of the torch caused the injury, and hence no case is stated against the defendant.

2. PLEADING—*Negligences—Contributory Negligence—When a Question of Law.*—Whether or not a declaration discloses such contributory negligence on the part of the plaintiff as will bar a recovery by him is, on a demurrer to the declaration, a question of law for the court. The demurrer admits the facts alleged to be true, and when the facts are undisputed and decisive of the case, a question of law is raised and the court should decide it.

3. MASTER AND SERVANT—*Contributory Negligences—Obvious Risk.*—To attempt to operate a dangerous machine driven by steam in the dark and without sufficient light is such an open and obvious risk that no prudent person would encounter the peril. When an employee is injured under such circumstances he cannot escape the result of his own contributory negligence upon the ground that he was acting under orders of the master when obedience to those orders involves exposure to danger so apparent that no prudent person would incur the risk.

Error to a judgment of the Corporation Court of the city of Alexandria in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. G. Brent* and *Howard W. Smith,* for the plaintiff in error.

*Robert B. Tunstall* and *Francis L. Smith,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error brings under review the action of the lower court in sustaining the defendant's demurrer to the plaintiff's original and amended declarations. The amended declaration contains all the averments of the original declaration and need only be looked to in disposing of the questions to be considered.

The action was brought to recover of the defendant railway company damages for personal injuries, and the case stated by the plaintiff in his declaration is that he was employed in the machine shops of the defendant company; that at the time of the injury complained of he was operating a boring mill, run with great force by steam, and was facing off a trailer box; that the work had been assigned him by a foreman of the defendant company, with directions to hasten its completion and not to put it aside until finished; that the defendant did not provide reasonably safe and suitable machinery and appliances for the use of the plaintiff, but negligently failed to do so, in this, to-wit: that on the morning of the accident at seven o'clock, the day being dark and foggy, the plaintiff went to work on the boring mill; that the electric lights, by which the

shops were usually lighted were not burning; and that the
light over the boring mill was out of repair, which the de-
fendant knew or by the exercise of reasonable diligence
could have known; that the absence of the light over the
boring mill made it necessary for the plaintiff to. use a
hand torch provided by the defendant for use in emergen-
cies caused by the absence of the electric lights; that the
plaintiff held this torch in his right hand, while operating
the boring mill with his left hand; that while thus operat-
ing the mill, it became necessary for him to lean over to
observe the progress of the work, and that in holding the
torch over the machine, so as to obtain sufficient light, and
without any negligence or want of care on his part, his
right hand was struck, caught, drawn and entangled in
the boring mill, resulting in the injuries complained of.

The declaration does not allege that the boring mill was
improperly constructed or in any way out of order.   The
thing complained of and the only negligence alleged is the
defect in the light over the machine that made it necessary
for the plaintiff to use the torch light provided for such
emergencies.   There is no allegation that the torch was
out of order, that it did not give sufficient light, that it was
in any way inadequate for the purpose for which it was
being used, or that the use of the torch caused the acci-
dent.   The averment is that while operating the mill it
was necessary to lean over to observe the progress of the
work, and that in holding the torch over the machine so
as to secure sufficient light the plaintiff's hand was in-
jured.   These allegations can only mean that the defendant
provided a hand torch to be used when the electric light
was out, and that the plaintiff was using the hand torch
so as to obtain sufficient light, and that thus used the hand
torch furnished sufficient light, for the declaration does
not suggest that while using it the plaintiff did not have
adequate light.   If the hand torch as used furnished

enough light, it cannot be said that the absence of the electric light was the sole proximate cause of the injury or contributed in any degree thereto.

It is unnecessary to cite authorities to sustain the proposition that a plaintiff cannot recover on account of defective machinery or appliances, unless it affirmatively appears that the defect was the proximate cause of the accident of which he complains. *Williams* v. *Norton Coal Co.,* 108 Va. 608, 62 S. E. 342. If, however, the declaration were interpreted as alleging that the proximate cause of the accident was the absence of adequate light, then the demurrer was properly sustained, upon the ground that the plaintiff was guilty of such contributory negligence as to preclude his right to recover.

The contention is not tenable that the jury is the only tribunal in this case to pass upon the question of the plaintiff's contributory negligence. The demurrer admits the facts alleged to be true, and when the facts are undisputed and decisive of the case, a question of law is raised, and the court should decide it. *Wise Terminal Co.* v. *McCormick,* 104 Va. 400, 412, 51 S. E. 731.

In Beach on Contributory Negligence (2nd ed.), sec. 447, it is said: "When the facts are unchallenged and are such that reasonable minds could draw no other inference or conclusion from them than that the plaintiff was, or was not, at fault, then it is the province of the court to determine the question of contributory negligence as one of law."

It does not appear from the declaration when the plaintiff was directed to do the work he was doing at the time he was injured, nor is it suggested that he was ordered to do the work in an unlighted shop, or that on the morning of the accident his superior was aware of the fact that the light over the machine was not burning. The plaintiff went to the shop early in the morning of a dark, foggy day. He

found the electric lights all out and the place in darkness. His work consisted in the management of a complicated machine driven by steam. With full knowledge of the conditions, and especially of the fact that the usual electric light over the machine was not burning, the plaintiff attempted to do the work, with the result that in some way, not explained in the declaration, his hand was caught and the injury complained of sustained.

To attempt to operate a dangerous machine in the dark or without sufficient light is such an open and obvious risk that no prudent person would encounter the peril. When an employee is injured under such circumstances, he cannot escape the result of his own contributory negligence upon the ground that he was acting on the orders of the master, when obedience to those orders involves exposure to such apparent danger that no prudent person would incur the risk. *Mason* v. *Post,* 105 Va. 494, 54 S. E. 311, 11 L. R. A. (N. S.), 1038. If the work was attempted without sufficient light, it is clear that the plaintiff was confronted by an open and obvious danger, which he could and should have avoided in justice to himself as well as to his employer. *Cranes Nest C. Co.* v. *Mace,* 105 Va. 624, 54 S. E. 479.

We are of opinion that if the facts stated in the declaration were proven as alleged the plaintiff would not be entitled to recover. The demurrer to the declaration was, therefore, properly sustained, and the judgment complained of must be affirmed.

*Affirmed.*